## Mitchell *v.* Monumental Mutual Life Insurance Company, Appellant.

*Practice, C. P.—Affidavit of defense—Beneficial associations.*

In an action upon two certificates of a beneficial association to recover the whole amount of each certificate, an affidavit of defense is sufficient which avers that defendant had surrendered the first certificate, had received over $300 on account of it, and had accepted in lieu thereof a new certificate, and that upon her own request the second certificate was canceled, and the defendant agreed to return to her the amount to be paid in instalments upon said certificate, and that a portion of this amount had been paid.

Argued Oct. 15, 1903.    Appeal, No. 167, Oct. T., 1903, by

defendant, from order of C. P. No. 5, Phila. Co., March T., 1903, No. 4379, making absolute rule for judgment for want of a sufficient affidavit of defense in Martha B. Mitchell v. Monumental Mutual Life Insurance Company. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit upon two certificates of a beneficial association.

The plaintiff's statement showed that the suit was brought to recover the full amount of two certificates of a beneficial association, each amounting to $600.

The affidavit of defense averred:

That the first certificate of membership, termed a policy of insurance, by plaintiff and mentioned in her statement, upon which she bases her first cause of action, was duly and properly canceled and surrendered by her, after having received thereon the sum of $312 and a new certificate issued to her, dated April 18, 1895, and nothing is due thereon.

The new certificate, upon which plaintiff bases her second cause of action, became beneficial on May 15, 1900, upon the cancelation of her first certificate, and remained in force until July 18, 1902, the plaintiff having paid thereon $96.00, in assessments, when she made application for the cancellation of it and agreed to accept therefor the amount of $96.00, payable in installments, upon which she has received three installments, amounting to $31.20.

The supplemental affidavit of defense averred:

That when plaintiff agreed to receive back the amount of assessments paid upon the certificate upon which she bases her second claim of action in settlement of all claims arising upon said certificates, as sworn to by deponent in original affidavit of defense, she with others agreed to accept one sixth of the amount of $96.00 in cash and one tenth of the balance due every four months, and these have been paid her in accordance with the terms of this settlement, $16.00 upon July 30, 1902; $8.00 upon November 29, 1902, and $7.20 upon March 3, 1903, making in all $31.20, and the next installment thereon of $6.48 will not be due until July 30, 1903, when it will be paid; so that deponent says there is nothing whatever now due or owing plaintiff from the defendant company.

586 MITCHELL *v.* MUTUAL LIFE INS. CO., Appellant.

Assignment of Errors—Opinion of the Court. [23 Pa. Superior Ct.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. M. Vanderslice*, with him *Clarence Vanderslice*, for appellant.

*Charles A. Bedford*, for appellee.

OPINION BY BEAVER, J., November 16, 1903:

The absence of a copy of the certificate or policy of insurance issued by the Iron Hall of Indiana is accounted for both in the plaintiff's statement and the defendant's affidavit of defense. If the plaintiff's statement is correct, although the policy was surrendered, there was a verbal undertaking on the part of the defendant to pay the amount thereof in future installments. If the defendant's contention, as set forth in its affidavit of defense, is correct, there was an actual cash payment of $312, and the new certificate issued by the Iron Hall of Baltimore as the consideration and full equivalent for the surrender and cancellation. These statements are directly contradictory of each other and raise a distinct issue of fact which a jury alone can determine.

The allegations of the affidavit and supplementary affidavit of defense taken together are equally specific in regard to the new certificate, as to the issue of which both parties agree, the defendant setting up in its affidavit of defense an application on the part of the plaintiff for the cancellation of her certificate and an agreement on its part to pay, in consideration of the said cancellation, the amount of money which had been paid by the plaintiff in assessments, upon the terms set forth in the affidavit of defense. These allegations raise another distinct issue of fact which, if the defendant's allegations are true, would throw the plaintiff out of court.

It is true that the defendant does not distinctly allege in terms that the application for cancellation of the second certificate made by the plaintiff was then and there accepted, but the fact that she agreed to accept therefor the amount of $96.00 payable in installments and that she has received three installments, amounting to $31.20, would seem to establish a necessary inference that her application had been favorably regarded and acted upon by the defendant.

We regard the two affidavits, taken together, as sufficient to carry the case to a jury, if the defendant's proofs support the allegations contained therein.

Judgment reversed and a procedendo awarded.